WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Amparano, a single man,<br><br>        Plaintiff,<br><br>vs.<br><br>Rhonda Schurian and Georg Schurian, a married couple,<br><br>        Defendants. | No. CV-08-2175-PHX-LOA<br><br>**ORDER** |

      This action arises on Plaintiff Luis Amparano's Motion to Transfer to Tucson Division. (docket # 16)  Plaintiff requests this case be transferred to the United States District Court, Tucson Division, because Plaintiff, his medical expert witnesses and Plaintiff's counsel work and reside in Tucson, warranting a transfer to Tucson Division "in the interests of justice and for the convenience of witnesses." (*Id*.)  Defen-dants Rhonda and Georg Schurian have no objection to the transfer. (docket # 18)

      "Section 1404(a) of Title 28 of the United States Code provides that [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *United States v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F.Supp.2d 1175, 1185 (C.D. Cal. 2005) (citations and internal quotation

marks omitted); 28 U.S.C. § 1404(a).[1] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness' [and] to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). With a preference to live, in-court testimony, the convenience of witnesses is "the most important factor in passing on a transfer motion." *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).

The Complaint alleges a motor vehicle collision that occurred October 22, 2008, in Coolidge, Pinal County, Arizona involving the Canadian citizen Defendant Rhonda Schurian and resulting in injuries to the Tucson, Pima County, Plaintiff. (docket # 1 and Exhibit A)  Coolidge is located at approximately the midpoint between, and roughly the same driving time to, Phoenix and Tucson. Suit was initially filed in the Pinal County Superior Court and properly removed to the Phoenix Division by Phoenix defense counsel pursuant LRCiv. 77.1. Further, this case is in the early stages of its evolution as no Rule 16 scheduling conference has been held, much less a trial date set.

Upon consideration of the individual factors of this case, the Court finds that transfer to the Tucson Division is in the best interests of justice and convenience of all witnesses.

Accordingly,

**IT IS ORDERED** that Plaintiff Luis Amparano's Motion to Transfer to Tucson Division, docket # 16, is **GRANTED**. The Clerk is hereby directed to transfer this case to Tucson for all further matters.

**IT IS FURTHER ORDERED** that the February 3, 2009 Rule 16 schedul-

---

[1] Title 28 U.S.C. § 1404(a) provides as follows:
(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

1 | ing conference before the undersigned is hereby **VACATED**.

Dated this 15th day of January, 2009.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge